Argued 16 January ; decided 19 February, 1900.

**SAYLOR v. OAKES.**

[ 59 Pac. 1108.]

1. APPEAL — EFFECT OF DELAY IN FILING BOND.—Under Hill's Ann. Laws, ⸹ 537, requiring an undertaking on appeal to be filed within ten days after service of notice of appeal, and further providing that where a party gives notice, and omits, through mistake, to file his undertaking, the court, or the appellate court, may allow it to be done, omission to file such undertaking until after the expiration of such ten days, on appeal from the county to the circuit court, will not deprive the latter court of jurisdiction.

2. RIGHT OF APPELLANT TO DISMISS APPEAL.—Neither appellant nor the surety on his appeal bond is entitled to a dismissal of the appeal because the appeal bond was not filed in time, such right belonging to respondent alone.

From Multnomah : E. D. SHATTUCK, Judge.

In March, 1896, W. H. Saylor, the plaintiff, recovered a judgment in the County Court of Multnomah County against the defendant Christy Oakes, from which she took an appeal to the circuit court by serving and filing a notice, and about thirteen days thereafter an undertaking therefor, with the defendant Thomas Duffy as surety. The cause went to trial in the circuit court without objection, and, a verdict having been rendered in favor of plaintiff, the defendant and appellant moved to set it aside, and for a new trial, on the ground that the circuit court had no jurisdiction, for the reason that her undertaking on appeal had not been filed within the time

required by law. This motion was overruled, and a judgment rendered in favor of plaintiff, and against the defendant and her surety, from which they appeal.

AFFIRMED.

For appellant there was a brief over the names of *Cicero M. Idleman* and *Chamberlain & Thomas*, with an oral argument by *Mr. Geo. E. Chamberlain.*

For respondent there was a brief over the names of *Greenbury W. Allen* and *James Gleason*, with an oral argument by *Mr. Gleason.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. The question to be decided is whether the filing of an undertaking for an appeal within the time required by statute is essential to the jurisdiction of the appellate court. As a general rule, such undertakings are for the benefit of the respondent, and, consequently, he may waive a technical compliance with the statute, and, if he does, the appellant is estopped from attacking the jurisdiction of the appellate court on the ground of defects in his own undertaking: 1 Enc. Pl. & Prac. 1002. And this we take to be the rule in this state. The statute (Hill's Ann. Laws, § 537) requires an undertaking on appeal to be filed within ten days from the service of notice of the appeal, but the filing of the undertaking within such time is not made essential to jurisdiction, because it is also provided in the same section that where a party in good faith gives notice of an appeal, and thereafter omits, through mistake, to file an undertaking, the court or judge thereof, or the appellate court, may permit such undertaking to be filed.

2. The undertaking in this case is a voluntary obligation entered into by the defendant and her surety. It is

in regular form, and, having served its purpose, neither
the appellant nor the surety is entitled to a dismissal of
the appeal because it was not filed in time.   Such right
belonged to the respondent alone, and, if he saw fit to .
waive it, and proceed with the trial without objection, the
appellant or her surety cannot take advantage of the de-
fect.   It follows that the judgment of the court below
must be affirmed, and it is so ordered.          AFFIRMED.